```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
          V.                   ) Criminal No. 02-65
                               )
KARL F. KLEINPASTE             )
```

## MEMORANDUM IN AID OF RESENTENCING

AND NOW, comes the defendant, Karl F. Kleinpaste, by his attorneys, Lisa B. Freeland, Federal Public Defender and Jay J. Finkelstein, Assistant Federal Public Defender, and file the instant Memorandum in Aid of Resentencing. In support thereof counsel states:

I. **INTRODUCTION**

The defendant, Karl F. Kleinpaste was charged with willful failure to file income tax returns, tax evasion, and making false statements in a loan or credit application. Mr. Kleinpaste represented himself pro se in a jury trial before this Honorable Court. The jury returned a guilty verdict on all counts.

Thereafter, undersigned counsel Jay J. Finkelstein represented Mr. Kleinpaste at the sentencing hearing. The Court denied all of the government's motions for upward sentencing calculations, but <u>sua sponte</u> enhanced Mr. Kleinpaste's guideline range by two levels based upon the

Court's finding that the number and type of filings filed by Mr. Kleinpaste acting pro se was an obstruction of justice. Prior to the obstruction enhancement, Mr. Kleinpaste's guidelines were 21-27 months.  With the obstruction enhancement, his guidelines were 27-33 months.  Mr. Kleinpaste received a sentence of 30 months.

Mr. Kleinpaste timely filed an appeal with the United States Court of Appeals for the Third Circuit, and appealed both his conviction and sentence.  During the pendency of the appeal, the Supreme Court decided United States v. Booker, 125 S.Ct. 738 (2005)  finding that the Sentencing Guidelines are advisory in nature and although should be consulted, the sentencing court must consider other factors set forth in 18 U.S.C. § 3553(a), and ultimately craft a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.  The Third Circuit issued an opinion in this matter, and after addressing several of the issues on appeal, ordered a resentencing in this matter in accordance with Booker.  The obstruction of justice issue was not specifically addressed in the opinion.

Mr. Kleinpaste began serving his sentence on June 25, 2003.  Mr. Kleinpaste was given a bond pending resentencing by the Third Circuit on February 17, 2005, after having

serving 20 months of his sentence.[1]  During the eight months that Mr. Kleinpaste has been on bond, he has secured employment.  Moreover, he has properly filed the appropriate W-4 forms with his new employer and has jointly filed both his 2004 federal income taxes and their quarterly 2005 federal income taxes.  He is also in the process of working out a payment schedule to begin paying off his back taxes.

For the reasons set forth below, counsel submit that Mr. Kleinpaste should be resentenced to time served.

II. **THE GUIDELINES ARE MERELY ADVISORY AND PRESUMPTIVE APPLICATION OF THE GUIDELINES VIOLATES THE SIXTH AMENDMENT**

As the Court is aware, the Sentencing Guidelines are now advisory.  <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  As such, this Court's sentence is no longer driven and controlled by the rigidity of the Sentencing Guidelines.  Rather, in <u>Booker's</u> wake, this Court must impose a sentence **"sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

---

[1] The 20 months does not reflect any good time which Mr. Kleinpaste would have received from the Bureau of Prisons.  Moreover, upon information and belief, Mr. Kleinpaste was scheduled to be released to a halfway house in June 2005.

3

Section 3553(a)(2) directs the Court to consider the need for the sentence imposed:

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a)(1), (3), (4), (5), (6), and (7).

    In many ways, sentencing will now be harder for the Court.  Under the old regime of mandatory guidelines, the Court was required to impose the sentence called for by the guidelines.  In this regime the Court had very little room to exercise its judgment as to the appropriate sentence.  In today's sentencing world, however, the ultimate

responsibility for imposing a sentence **sufficient but not greater than necessary** to achieve the sentencing objectives outlined in § 3553(a)(2) lies squarely with this Court. While the guidelines must be considered, in the end, it is not the Sentencing Commission that will be resentencing Mr. Kleinpaste; it is this Court.

If this Court blindly follows the sentencing guidelines, or gives the guidelines "great weight" only to sentence outside them in extraordinary cases, it will be committing the very Sixth Amendment violation recognized by the Booker majority.  The guidelines violated a defendant's Sixth Amendment right to trial by jury by requiring the sentencing judge to increase a defendant's sentence based upon facts not charged in an indictment and proven to a jury beyond a reasonable doubt.  The remedial majority's solution to this problem was to make the guidelines advisory.  This solved the Sixth Amendment violation by removing the requirement that the judge impose a more severe sentence based upon facts not proven to a jury beyond a reasonable doubt.  If this Court simply applies the sentence suggested by the guidelines without conducting its own, personal application of the factors set forth in § 3553(a)(2), then it will be violating Mr. Kleinpaste's Sixth Amendment right to a trial by jury.

In sum, Booker found the guidelines unconstitutional on their face.  The Court saved the guidelines from this facial unconstitutionality by making the guidelines advisory.  If this Court in practice simply continues to apply the guidelines as it has done in the past then, **as applied**, the guidelines will violate Mr. Kleinpaste's Sixth Amendment right to trial by jury.  United States v. Ranum, Case No. 04-CR-31 (E.D.Wis. 2005).  The guidelines **must** be advisory only.  This Court cannot hold allegiance to the guidelines as sound sentencing policy and blindly adhere to their suggested sentence.  In Apprendi, the Supreme Court noted that for Sixth Amendment purposes it was irrelevant whether a fact was called an element of the offense or a sentencing factor; what matters is the effect the finding of that fact has on the sentence.  Apprendi v. New Jersey, 530 U.S. 466, 494, 120 S.Ct. 2348, 2365 (2000) ("the relevant inquiry is one not of form, but of effect").  The same is true here.  Calling the guidelines advisory will not resolve the Sixth Amendment violation if the court, in effect, continues to treat the guidelines as binding.

   As is explained in Ranum, in very important ways, the guidelines conflict with the directives of § 3553(a).  An example is § 3553(a)(1)'s directive that in imposing sentence

6

the Court consider the "history and characteristics of the defendant."  The guidelines generally forbid the Court from considering, in any meaningful way, the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, §5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, §5H1.4, his employment record, § 5H1.5, his family ties and responsibilities, § 5H1.6, his socio-economic status, §5H1.10, his civic and military contributions, § 5H1.11, and his lack of guidance as a youth, § 5H1.12.  These restrictions cannot be reconciled with § 3553(a)(1)'s requirement to consider the history and characteristics of the defendant.  The guidelines can further contradict § 3553 by restricting a sentencing judge's ability to craft a sentence to provide the defendant with education, training, treatment or medical care in the most effective manner.  Accordingly, counsel respectfully submits that the Court, in considering the following factors, should fashion a sentence below the original and now advisory sentencing range of 27 to 33 months.

III. **SECTION 3553(a) FACTORS**

As set forth above, Mr. Kleinpaste has already served 20 months of his sentence. He has been on bond approximately eight months. During this time, he has obtained a job, properly filed his income taxes and has begun the process of paying back his back taxes.

With regard to the § 3553(a) factors, counsel submits that 20 months of incarceration clearly reflect the seriousness of the offense as well as just punishment. Similarly, the 20 months already served affords more than adequate deterrence. In fact, Mr. Kleinpaste now has the ability to make restitution, has already begun paying his current income taxes and addressing the issue of his back taxes. There simply is no need to protect the public from further crime or provide Mr. Kleinpaste with any training. Rather, Mr. Kleinpaste is now in the position to start paying back the taxes owed. Sending him back to jail would simply cause him to lose his job and the ability to remain productive and to start repaying his taxes.

Accordingly, counsel submits that the original and now advisory guideline range of 27-33 months represents a sentencing range that does not meet the "sufficient but not greater than necessary" requirement under § 3553(a)(2).

Moreover, counsel submits that a sentence of time served is appropriate and would comport with § 3553(a).

>Respectfully submitted,
>
>s/ Lisa B. Freeland
>Lisa B. Freeland
>Federal Public Defender
>
>s/ Jay J. Finkelstein
>Jay J. Finkelstein
>Assistant Federal Public Defender
>Attorney ID No. 42943